# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:18-CV-00640-DSC

| | |
|---|---|
| CENTRAL NATIONAL GOTTESMAN INC., | ) )  ) |
| Plaintiff, | ) ) |
| v. | ) )   MEMORANDUM AND ORDER |
| NAKOS PAPER PRODUCTS INC., CHRISTOS L. NAKOS AND LAMBROS C. NAKOS, | ) ) ) ) |
| Defendants. | ) ) |

**THIS MATTER** is before the Court on "Defendants' Motion for Partial Summary Judgment" (Doc. 43) as well as the parties' associated briefs, affidavits, and exhibits. See Docs. 44 and 45.

The parties have consented to Magistrate Judge jurisdiction under 28 U.S.C. § 636(c) and this Motion is ripe for the Court's determination.

Having carefully considered the parties' arguments, the record, and the applicable authorities, the Court grants in part and denies in part Defendants' Motion for Partial Summary Judgment as discussed below.

## I.   FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff Central National Gottesman Inc. ("CNG") and Defendant Nakos Paper Products Inc. ("Nakos") have engaged in business since February 2014. Their business relationship involves the sale and delivery of paper products pursuant to various agreements between the

parties. Pursuant to those agreements, CNG delivered tissue paper inventory to Nakos. Nakos then processed CNG's inventory into napkins that were sold and delivered to end-use customers. Individual Defendants Christos "Chris" Nakos and Lambros Nakos were the initial shareholders and officers of Nakos, with each owning fifty-percent of the stock.

According to invoice terms, Nakos failed to pay CNG for inventory it received beginning in late 2014. As a result of Nakos' debt to CNG, the parties entered into a Bailment Agreement on November 7, 2016, wherein they agreed that: (1) CNG was the owner of the inventory delivered to Nakos; (2) Nakos was to process CNG's inventory into finished product; (3) CNG was to invoice the end-use customers for the finished product delivered by Nakos; (4) CNG was to receive payment from the customer and the payment would first be applied to CNG's cost of inventory; and (5) the remaining proceeds were to be paid seventy percent to Nakos and thirty percent to CNG.

On November 28, 2018, CNG filed this lawsuit against Defendants alleging that Nakos breached the Agreement beginning in early 2017 by converting CNG's inventory into finished product and directly invoicing the end-use customers without CNG's knowledge or consent. This breach continued through early 2018 when CNG conducted a review and inspection of its inventory on Nakos' premises and discovered that approximately $400,000 of its inventory was missing. CNG brought multiple claims against Nakos and Chris and Lambros Nakos individually.

On May 31, 2019, Defendants filed a Motion to Dismiss pursuant to Rule 12(b)(6). The Court granted the Motion in part and dismissed some of CNG's claims. The claims for Breach of Contract, Breach of Bailment Agreement, Conversion, Unfair and Deceptive Trade Practices and Unjust Enrichment as to Nakos and Veil Piercing as to all Defendants remain.

Defendants seek partial summary judgment as to CNG's claims for unjust enrichment, conversion and unfair and deceptive trade practices against Nakos and as to CNG's veil piercing claim against all Defendants.

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 56(a) provides:

> A party may move for summary judgment, identifying each claim or defense-or the part of each claim or defense—on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. The court should state on the record the reasons for granting or denying the motion.

Fed.R.Civ.P. 56(a). "A dispute is genuine if a reasonable jury could return a verdict for the non-moving party." Vannoy v. Federal Reserve Bank of Richmond, 827 F.3d 296, 300 (4th Cir. 2016) (quoting Libertarian Party of Va. v. Judd, 718 F.3d 308, 313 (4th Cir. 2013)). "A fact is material if it might affect the outcome of the suit under the governing law." Id.

The movant has the "initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). The court must view the evidence and any inferences therefrom in the light most favorable to the non-moving party. Tolan v. Cotton, 572 U.S. 650, 657 (2014); see also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). The court applies "the fundamental principle that at the summary judgment stage, reasonable inferences should be drawn in favor of the non-moving party." Jacobs v. N.C. Admin. Office of the Courts, 780 F.3d 562, 570 (4th Cir. 2015) (quoting Tolan, 572 U.S. at 660). "Summary judgment cannot be granted merely because the court believes that the movant

will prevail if the action is tried on the merits." Id. at 568-69 (quoting 10A Charles Alan Wright & Arthur R. Miller et al., Federal Practice & Procedure § 2728 (3d ed.1998)). "The court therefore cannot weigh the evidence or make credibility determinations." Id. at 569 (citing Mercantile Peninsula Bank v. French (In re French), 499 F.3d 345, 352 (4th Cir. 2007)). In the end, the question posed by a summary judgment motion is whether the evidence "is so one-sided that one party must prevail as a matter of law." Anderson, 477 U.S. at 252.

## II.     DISCUSSION

### A. Unjust Enrichment Claim

It is well-established that "[t]he doctrine of unjust enrichment is based on 'quasi-contract' or contract 'implied in law' and thus will not apply here where a contract exists between two parties." Carty v. Westport Homes of North Carolina, Inc., 472 Fed. Appx. 255, 257 (4th Cir. 2012)(quoting Atl. & E. Carolina R. Co. v. Wheatly Oil Co., Inc., 594 S.E.2d 425, 429 (N.C. App. 2004)).

Both parties agree that an express contract exists between the parties. See Amended Complaint, Doc. 15 at ¶¶ 12-13, 16; CNG Response brief, Doc. 45 at p. 9; Declaration of Chris Nakos, Doc. 43-2 at ¶ 13. CNG argues that the actions of Nakos were "outside the scope of the contract" and are a proper basis for its unjust enrichment claim. CNG fails to cite any authority in support of this argument. Since there is a valid contract between the parties, CNG's cause of action for unjust enrichment must fail and the Court will grant Defendants' Motion for Summary Judgment on this claim.

### B. Veil Piercing Claims

"The general rule is that in the ordinary course of business, a corporation is treated as distinct from its shareholders." State ex rel. Cooper v. Ridgeway Brands Mfg., LLC, 666 S.E.2d

107, 112 (N.C. 2008) (citation omitted). "Piercing the corporate veil sets aside that general rule and allows a plaintiff to impose legal liability for a corporation's obligations, or for torts committed by the corporation, upon some other company or individual that controls and dominates a corporation." Green v. Freeman, 749 S.E.2d 262, 270 (N.C. 2013). "Courts will pierce the corporate veil when applying the corporate fiction would accomplish some fraudulent purpose, operate as a constructive fraud, or defeat some strong equitable claim." Id. (citations and internal quotation marks omitted). Disregarding the corporate form is not to be done lightly. Id. To pierce the corporate veil, the plaintiff must allege that "the corporation is so operated that it is a mere instrumentality or alter ego of the sole or dominant shareholder and a shield for his activities in violation of the declared public policy or statute of the State." Id. (citation and internal quotation marks omitted); see also, Parker Excavating, Inc. v. JOMCO Contracting, LLC, No. 1:19-cv-00062-MR-WCM, 2020 WL 261758, at *1 (January 17, 2020, W.D.N.C.)

Lambros Nakos never exercised control over Nakos during the period relevant to this lawsuit. He retired from Nakos on March 31, 2016. See Chris Nakos' Depo. Transcript, Doc. 44-1 at p. 6; Nakos Corporate Records, Doc. 44-4 at p. 54. The Bailment Agreement at issue was not signed until November 7, 2016. See Doc. 15-1. When Lambros Nakos retired, he transferred all of his shares in Nakos to Chris Nakos. See Chris Nakos' Depo. Transcript, Doc. 44-4 at p. 54. At the time the Bailment Agreement was executed, Lambros Nakos was no longer an employee, officer or shareholder of Nakos. The evidence further shows that even before his retirement, Lambros Nakos had not been actively involved in the business. Chris Nakos testified that Lambros Nakos "was not involved in the daily operations of the business" even prior to his retirement and that Lambros Nakos did not communicate with any customers or suppliers and did not even have

an email account. See Chris Nakos' Depo. Transcript, Doc. 44-1 at p. 6-7. None of this is disputed by CNG.

The undisputed evidence demonstrates that Lambros Nakos did not have any involvement with Nakos during the time relevant to this lawsuit. Accordingly, the Court concludes that Lambros Nakos is entitled to summary judgment on CNG's veil piercing claim against him.

With regard to its veil piercing argument against Chris Nakos and Nakos, for the reasons stated in CNG's brief in opposition, Doc. 44, the Court concludes that taking the evidence in the light most favorable to CNG, there is a geniune issue of material fact as to Nakos' true corporate identity and its relationship to Chris Nakos that would permit, but not require, a reasonable jury to return a verdict in favor of CNG on its veil piercing claim against Chris Nakos and Nakos. Accordingly, Defendants' Motion for Summary Judgment is <u>denied</u> as to that claim.

### C. Conversion Claim

For the reasons stated in CNG's brief in opposition, Doc. 44, the Court concludes that taking the evidence in the light most favorable to CNG, there is a geniune issue of material fact that would permit, but not require, a reasonable jury to return a verdict in favor of CNG on its conversion claim. Accordingly, Defendants' Motion for Summary Judgment is <u>denied</u> as to that claim.

### D. Unfair and Deceptive Trade Practices Claim

For the reasons stated in CNG's brief in opposition, Doc. 44, the Court concludes that taking the evidence in the light most favorable to CNG, there is a genuine issue of material fact that would permit, but not require, a reasonable jury to return a verdict in favor of CNG on its unfair and deceptive trade practices claim. Accordingly, Defendants' Motion for Summary Judgment is <u>denied</u> as to that claim.

## III. ORDER

**NOW THEREFORE IT IS ORDERED** that:

1. "Defendants' Motion for Partial Summary Judgment" (Document #43) is **GRANTED** as to Plaintiff's unjust enrichment claim against Nakos and veil piercing claim against Lambros Nakos and **DENIED** as to Plaintiff's conversion and unfair and deceptive trade practices claims against Nakos and as to Plaintiff's veil piercing claim against Chris Nakos and Nakos.

2. The Clerk is directed to send copies of this Memorandum and Order to counsel for the parties.

**SO ORDERED ADJUDGED AND DECREED**.

Signed: January 19, 2021

David S. Cayer
United States Magistrate Judge